IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$257,120.00 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX8033 HELD IN THE NAME OF VENTURE MERCHANT SERVICE, INC; $400,056.61 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX0909 HELD IN THE NAME OF VENTURE MERCHANT SERVICE, INC; $12,810.10 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX2391 HELD IN THE NAME OF CANDIS WRIGHT REAL ESTATE, INC; AND $29,726.49 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX2405 HELD IN THE NAME OF ACADEMY KHAOS REEAL ESTATE SCHOOL, INC,<br><br>    Defendants. | Civil Case No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW, the United States of America, Plaintiff in the above-styled civil action, pursuant to 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C), and files this verified Complaint for Forfeiture, showing the Court as follows:

1

## INTRODUCTION

1. On or about September 10, 2020, agents with the Internal Revenue Service ("IRS") seized the following funds:

   a. $257,120.00 in funds from Truist Bank account number XXXXXX8033 held in the name of Venture Merchant Service, Inc.

   b. $400,056.61 in funds from Truist Bank account number XXXXXX0909 held in the name of Venture Merchant Service, Inc.

   c. $12,810.10 in funds from Truist Bank account number XXXXXX2391 held in the name of Candis Wright Real Estate, Inc.

   d. $29,726.49 in funds from Truist Bank account number XXXXXX2405 held in the name of Academy Khaos Real Estate School, Inc.

(collectively, the "Defendant Funds").

2. The Defendant Funds are presently located within the jurisdiction of this Court and are being held in an account maintained by the IRS.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to

the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## FORFEITURE STATUTES

6. The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because the funds are derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 (wire fraud) and 1344 (bank fraud).

7. The Defendant Funds are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because they constitute property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 or are property traceable to such property.

## BASIS FOR FORFEITURE

**A. The CARES Act**

8. On or about March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted into federal law.

9. The CARES Act was designed to provide emergency financial assistance to millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

10. One such source of funding for small businesses was the Paycheck Protection Program ("PPP").

11. To obtain a PPP loan, a qualifying business must submit a PPP loan application which must be signed by an authorized representative of the business.

12. The PPP loan application requires the business, through its authorized representative, to acknowledge the program rules and make certain affirmative representations and certifications.

13. In the PPP loan application, the small business, through its authorized representative, must state, among other things, its average monthly payroll expenses and its number of employees.

14. Further, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

15. A PPP loan application must be processed by a participating financial institution (the lender). If a PPP loan application is approved, the participating financial institution funds the PPP loan using its own monies, which are 100% guaranteed by Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to

the SBA in the course of processing the loan.

16. Pursuant to the provisions governing the PPP program, PPP loan proceeds were required to be used by the business on certain permissible expenses, such as payroll costs, interest on mortgages, rent, and utilities.

17. Celtic Bank, Truist Bank and WebBank are SBA Approved Lenders and have participated as PPP lenders to small businesses. Celtic Bank, Truist Bank and WebBank are FDIC-insured financial institutions.

18. BlueVine is an agent which pairs PPP applicants with lenders. BlueVine collects applications and does the underwriting and processing for lenders. BlueVine then submits the loans to the lenders, such as Celtic Bank, for funding.

### *Academy Khaos Real Estate School, Inc.*

19. On or about April 29, 2020, Devon Alli, Wright's fiancé and Joyce Alli's son, filed a PPP loan application in support of a $341,545 loan for Academy Khaos Real Estate School, Inc. ("Academy Khaos").

20. Academy Khaos was incorporated on or about June 20, 2016 by Alwyn Alli, Devon Alli's sister.

21. On or about January 27, 2017, Truist Bank business account number XXXXXX2405 ("Truist 2405") was opened in the name of Academy Khaos.

22. Devon Alli was the only signer on Truist 2405.

23. A query of the Georgia Secretary of State's website revealed that Devon Alli was listed as Venture Merchant's Chief Financial Officer, Alwyn Alli was the listed Chief Executive Officer, and Candis Wright was the listed Registered Agent and Secretary.

24. Devon Alli, acting on behalf of Academy Khaos, electronically signed and submitted the PPP loan application and initialed the certification statements listed in the loan application.

25. Among the initialed certifications is one that reads as follows: "The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud."

26. In support of the loan application, Devon Alli submitted fraudulent information for Academy Khaos.

27. For instance, Devon Alli represented Academy Khaos had an average monthly payroll of $136,618.00 and 33 employees.

28. Alli also submitted a fraudulent 2019 IRS Employer's Quarterly

Federal Tax Return, which purported that the first and third quarter of 2019 had reported wages of $429,249.99 and $139,507.67 in Federal income tax withholding. The second and fourth quarter reported wages of $393,461.52 with $128,328.41 of Federal income tax withholding.

29. Georgia Department of Labor did not reveal any records related to Academy Khaos from January 2019.

30. Further, the inquiry showed that Devon Alli had not reported any wages for any of his companies, including Academy Khaos.

31. Georgia Department of Revenue provided a Certification of Lack of Records, which shows that Academy Khaos had not filed any Georgia corporate, partnership, sales and use, or withholding tax returns since 2014.

32. In further support of Academy Khaos's application, Devon Alli submitted a fraudulent bank statement for Truist 2405 that purported that on or around March 31, 2020 Academy Khaos received a deposit of $47,979.50, sent two wires out for $36,008.00 and $26,440.00, and had an ending balance of $185,613.73.

33. However, Truist Bank records revealed that the bank statement Alli submitted in support of the PPP loan application were fraudulent.

34. Specifically, the March 23, 2020 deposit was for $179.50, not

$47,979.50.

35. Bank records further revealed that the two wire transfers for $36,008.00 and $26,440.00 did not occur.

36. Finally, the actual ending balance of **Truist 2405** was $189.73, not $185,613.73.

37. In furtherance of their investigation, agents went to the address listed on Academy Khaos's PPP loan application: 201 17th Street NW, Suite 300, Atlanta, Georgia.

38. They discovered that the location was a virtual office, which had been vacant for approximately two years.

39. On or about May 1, 2020, based on Alli's fraudulent representations, Blue Vine/Celtic Bank approved the loan application and $341,545.00 in PPP funds were deposited into Truist 2405.

40. The loan proceeds were used to fund cash withdrawals as well as payments outside of the permissible expenses.

41. Specifically, the following withdrawals were made from Truist 2405:

- May 5, 2020 - $75,000 wire to Fanz Collectibles
- June 1, 2020 - $2,450 ACH to Lyfe Marketing
- June 2, 2020 - $26,160 ACH to Cox Media Group Atl

- June 5, 2020 - $49,999 ACH to AdQuick

- June 17, 2020 - $5,000 Cash Withdrawal.

### *Venture Merchant Service, Inc.*

42. On or about April 27, 2020, Joyce Alli submitted a PPP loan application on behalf of Venture Merchant Service, Inc. ("Venture Merchant") seeking $707,060.00 in loan proceeds.

43. Venture Merchant was incorporated on July 10, 2008 by Devon Alli and Joyce Alli.

44. Joyce Alli is listed as Venture Merchant's Chief Executive Officer, Chief Financial Officer, and Secretary.

45. Venture Merchant's listed address on the PPP application is 260 Peachtree Street NE, Suite 2200, Atlanta, Georgia.

46. Venture Merchant's business account is Truist Bank account number XXXXXX8033 ("Truist 8033").

47. Devon Alli opened Truist 8033 on April 23, 2020 and was the only signer on the bank account.

48. Truist Bank account number XXXXXX0909 ("Truist 0909") is also held in Venture Merchant's name.

49. As part of the loan application, Joyce Alli acknowledged a number

of certifications, including one containing the following statement: "The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud."

50. In support of the loan application, Joyce Alli misrepresented that Venture Merchant had a monthly payroll of $282,824.00 and 59 employees.

51. Alli also submitted a fraudulent 2019 IRS Employer's Quarterly Federal Tax Return, representing that Venture Merchant had first and third quarter reported wages of $913,740.60 and Federal income tax withholding totaling $301,105.02.

52. The second and fourth quarter reported wages of $$783,206.22 and a Federal Income tax withholding totaling $258,090.01.

53. Alli also submitted a fraudulent bank statements for Truist 8033 representing that on or about March 31, 2020 the account had a balance of $448,103.43.

54. The investigation revealed that the Truist 8033 was not opened until April 23, 2020 and therefore, the bank statement was fraudulent.

55. Evidence shows that the certification of incorporation submitted with Venture Merchant's PPP loan was also fabricated.

56. Agents went to Venture Merchant's business address, a virtual office, and determined that Venture Merchant was not listed on the location's business directory.

57. Based on these fraudulent representations on or about May 4, 2020, Zion Bancorporation dba WebBank approved Venture Merchant's application and $707,060.00 in PPP funds were deposited in Truist 8033.

58. Truist 8033 records reveal that on May 5, 2020, $400,000 were transferred to Truist 0909.

59. Additionally, Trusit 8033 records reveal that on May 8, 2020 a $50,000 check payable to Joyce Alli was drawn on the Trusit 8033 account.

60. Truist 0909 records do not reveal any other activity.

### *Candis Wright, Inc.*

61. On or about April 22, 2020, Candis Wright submitted a $309,900.00 PPP loan application on behalf of Candis Wright, Inc.

62. Devon Alli initially incorporated Candis Wright, Inc. on April 12, 2012 by the name Face Forward Investments, Inc.

63. Over two years later, the company changed its name to Candis

Wright, Inc.

64.     Georgia Secretary of State records list Devon Alli as the Chief Financial Officer and Candis Wright as the Chief Executive Officer and Secretary of Candis Wright Inc.

65.     The Secretary of State website further showed that Candis Wright, Inc. was located at 715 Peachtree Street NE, Suite 100, Office 2014, Atlanta, Georgia.

66.     On or about July 14, 2017, Candis Wright opened the company's Truist Bank account number XXXXXX4137.

67.     Candis Wright was the only signer on that bank account.

68.     Georgia Department of Revenue did not reveal any records related to Candis Wright, Inc. since 2019.

69.     Furthermore, there was no reported wage information for Candis Wright, Inc. through the employer tax identification number.

70.     The Georgia Department of Revenue provided a Certification of Lack of Records showing that Candis Wright had not filed any Georgia corporate, partnership, or withholding tax returns for 2019 and 2020.

71.     The PPP loan application listed a series of questions, including one that asked: "Is the Applicant or any owner of the Applicant an owner of any

other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A."

72. Wright answered "NO", despite being the owner or named officer of several other businesses according to the Georgia Corporations Division.

73. Candis Wright also initialed a list of certifications, including the following statement: "The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud."

74. In support of the loan application, Candis Wright misrepresented that Candis Wright, Inc. had a monthly payroll of $123,960.00 and 23 employees.

75. Wright also submitted a fraudulent 2019 IRS Employer's Quarterly Federal Tax Return representing that Candis Wright, Inc. had 23 employees and quarterly wages totaling $439,000.

76. On or about April 23, 2020, based on these fraudulent representations, Trust Bank approved Candis Wright, Inc.'s PPP application.

77. The PPP funds were not deposited in Candis Wright, Inc.'s bank

account. Instead, they were deposited in Truist Bank account number XXXXXX2391 ("Truist 2391") held in the name of Candis Wright Real Estate, Inc., which is a completely different company.

### *Candis Wright Real Estate, Inc.*

78. A query of the Georgia Secretary of State website showed that Candis Wright was the Registered Agent, Chief Executive Officer, Chief Financial Officer, and Secretary of Candis Wright Real Estate, Inc.

79. Truist 2391 is Candis Wright Real Estate, Inc.'s business bank account, which was opened on January 27, 2017.

80. Candis Wright and Devon Alli were the only signers for Truist 2391.

81. On or about April 23, 2020, Truist 2391 received a deposit of $309,900 in PPP funds, which were intended for Candis Wright, Inc.

82. The investigation revealed that the PPP funds were not used for permissible expenses. Instead, they were used to make the following payments from Truist 2391:

- April 23, 2020 - $18,491.92 payment to Navy Federal Credit Union
- April 23, 2020 - $10,000 cash withdrawal
- April 24, 2020 - $11,960 payment to Visa
- April 27, 2020 - $10,000 payment to Navy Federal Credit Union

- April 28, 2020 - $3,700 payment to Navy Federal Credit Union
- April 30, 2020 - $6,022 cash withdrawal
- May 1, 2020 - $5,000 cash withdrawal
- May 1, 2020 - $15,000 payment to American Express
- May 1, 2020 - $5,230.79 payment to Barclaycard
- May 4, 2020 - $4,292.27 payment to American Express
- May 5, 2020 - $13,350.09 payment to American Express
- May 5, 2020 - $4,000 cash withdrawal
- May 6, 2020 - $25,000 cashier's check payable to Cash.

83. On or about September 10, 2020, IRS agents seized the Defendant Funds.

84. The Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that they are proceeds, or are derived from proceeds, traceable to violations of 18 U.S.C. §§ 1343 (wire fraud) and 1344 (bank fraud).

85. The Defendant Funds are also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because they are proceeds, or are derived from proceeds, traceable to violations of 18 U.S.C. §§ 1956 and/or 1957.

WHEREFORE, Plaintiff prays:

(1) that the Court forfeit the Defendant Funds to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 19th day of November, 2021.

                                   Respectfully submitted,

                                   **KURT R. ERSKINE**
                                     *United States Attorney*

                                 */s/ Radka Nations*
                                 **RADKA T. NATIONS**
                                     *Assistant United States Attorney*
                                 Georgia Bar No. 618248
                                 600 U.S. Courthouse
                                 75 Ted Turner Drive, S.W.
                                 Atlanta, GA 30303
                                 Telephone: (404) 581-6000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $257,120.00 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX8033 HELD IN THE NAME OF VENTURE MERCHANT SERVICE, INC; $400,056.61 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX0909 HELD IN THE NAME OF VENTURE MERCHANT SERVICE, INC; $12,810.10 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX2391 HELD IN THE NAME OF CANDIS WRIGHT REAL ESTATE, INC; AND $29,726.49 IN FUNDS SEIZED FROM TRUIST BANK ACCOUNT NUMBER XXXXXX2405 HELD IN THE NAME OF ACADEMY KHAOS REEAL ESTATE SCHOOL, INC, <br><br> Defendants. | Civil Case No. |

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, Special Agent Lauren Neal, have read the Complaint for Forfeiture in this

action and state that its contents are true and correct to the best of my knowledge

17

and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 19th day of November, 2021.

_____
**LAUREN NEAL**
*Special Agent*
Internal Revenue Service,
Criminal Investigation